UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEVIN BOWMAN** : | |
| : | |
| **Plaintiff** : | |
| : | |
| v. : | 24-cv-637 (MRP) |
| : | |
| **MARLENA MOSLEY, et.al.** : | |
| : | |
| **Defendants** : | |

**PLAINTIFF'S CONSOLIDATED MEMORANDUM OF LAW AND MOTION TO REMAND TO THE PHILADELPHIA COUNTY COURT OF COMMON PLEAS PURSUANT TO 28 U.S.C. § 1441(b), 28 U.S.C.§1446(b), and 28 U.S.C. §1447(c)**

Plaintiff, Kevin Bowman, by and through his attorneys, Alan Tauber, Esquire, and Zak Goldstein, Esq., respectfully moves to remand this case to the Philadelphia County Court of Common Pleas. The following is averred:

1. On November 27, 2023, Plaintiff Kevin Bowman, filed a complaint in the Philadelphia County Court of Common Pleas, captioned *Kevin Bowman v. Marlena Mosley, et. al.; 231102648* ("the Complaint"). (A copy of the Complaint is attached hereto as Exhibit "A").

2. Plaintiff filed a praecipe to reinstate on January 2, 2024.

3. Plaintiff served Defendant Marlena Mosely with the complaint by certified mail, return receipt requested, pursuant to Pennsylvania Rules of Civil Procedure 404 and 403 on January 24, 2024. *See* Affidavit of Service on Marlena Mosely, attached as Exhibit "B." ECF No. 3.

4. Plaintiff served Defendant Dennis Dusack with the complaint on January 15, 2024. *See* Notice to Remove at ¶ 2. (ECF No. 1).

5. Plaintiff served Defendant Michael Gross with the complaint on January 15, 2024. *See* Notice to Remove at ¶ 2. (ECF No. 1).

6. Plaintiff served Defendant City of Philadelphia with the complaint on January 30, 2024. *See* Notice to Remove at ¶ 3. (ECF No.1).

7. On February 12, 2024, Defendants City of Philadelphia, Dusak and Gross ("Removing Defendants") filed a notice of removal to this Court. (ECF No. 1).

8. In the Notice of Removal, Defendants did not assert unanimity of defendants in consent to removal.

9. Defendants' notice of removal did not include a consent to removal by Defendant Mosley.

10. Defendant Mosely has not independently filed a consent to removal.

11. Defendants have not amended their notice of removal to include a consent to removal by Defendant Mosely.

12. None of the defendants have filed answers or responsive pleadings to the complaint.

13. Removal to federal court is governed by 28 U.S.C. §1441, Removal of Civil Actions, which sets forth the actions that may be removed.

14. The Notice of Removal filed by Defendants City of Philadelphia, Dusak and Gross, relies on 28 U.S.C. §1441.

15. 28 U.S.C. §1446(b), which sets out the general procedural requirements for removal, requires the following of a Notice of Removal filed pursuant to 28 U.S.C.§ 1441: **"all defendants who have been properly joined and served must join in or consent to the removal of the action."** 28 U.S.C.§1446(b)(2)(A) (emphasis added).

16. This "rule of unanimity" is "long and well established." *See Lewis v. Rego,* 757 F.2d 66, 68 (3d Cir. 1985).

17. "This unanimity requirement advances 'the congressional purpose of giving deference to a plaintiff's choice of a state forum and of resolving doubts against removal in favor of remand.'" *Ogletree v. Barnes*, 851 F. Supp. 184, 187 (E.D. Pa. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941)).

18. The Third Circuit Court of Appeal has upheld remand to state court based upon a defendant's failure to obtain unanimous consent of all properly-served defendants as the Court has found that such failure is a fatal procedural defect. *See Step Plants Servs. v. Koresko*, 219 Fed. Appx. 249, 250 (3d Cir. 2007).

19. The law requires that all co-defendants join in the notice of removal or give their consent to removal within thirty days after receiving service of plaintiff's complaint. *See* 28 U.S.C. § 1446; *Ogletree, supra,* at 186 – 87; *Green v. Target Stores, Inc.*, 305 F. Supp. 448, 450 (E.D. Pa. 2004); *Ramos v. Quien*, 631 F.Supp.2d, 601, 607 n. 2 (E.D. Pa. 2008); *Cacoilo v. Sherwin Williams Co.,* 902 F. Supp. 2d 511, 518 (D. N.J. 2012); and *Raju v. 315 Willow Ave. Condo. Ass'n*, Civ. A. No. 07-3743, 2008 WL 314561, at *2 (D.N.J. Jan. 28, 2008).

20. In cases, like this one, where notice of removal was filed by a later served defendant, an earlier-served defendant (here Defendant Mosley) must join in or consent to removal within thirty-days after the later-served defendant was properly served. *See Chagares v. Monmouth Med. Ctr.*, 2022 WL 3588103, at *3 (D.N.J. Aug. 22, 2022) (holding that removal was proper where a later-served defendant, who was added two years after the initial action was commenced, properly removed the case because all defendants joined in the notice of removal within thirty days of service of the later-served defendant); *Saviour v. Stravapolous,* 2015 WL 6810856 at *3 (E.D.Pa. 2015) (for consent to be valid, the earlier served defendant must consent to removal filed by the later served defendant within 30 days of service of process

on the later served defendant); *Jenkins v. District of Columbia, et. al.*, 79 F.3d 265 (D.C. 2015) (under the new rule, an earlier-served defendant may consent to a notice of removal filed by a later-served more than 30 days after the earlier service of process, so long as the later-served defendant files the notice of removal within 30 days of when that defendant was served); *Rouege Trucking, LLC v. Canales*, No. 2015 WL 127870, at *4 (M.D. La. Jan. 7, 2015) (holding that a consent to removal filed by an earlier-served defendant was timely because it was within 30 days of the service of the last-served defendant); *Gibbs v. Ocwen Loan Servicing, LLC,* 2014 WL 2767206, at *2 (N.D. Tex. June 18, 2014) (holding that consent to removal under § 1446(b)(2)(C) must be filed within the later-served defendant's thirty-day removal period); *Perez v. Bank of Am., N.A.*, 2013 WL 5970405, at *5 (W.D. Tex. Nov. 7, 2013) ("'[E]arlier-served defendants [may] join in removal by later-served defendants who remove within their own individual statutory thirty-day removal period' established by 28 U.S.C. § 1446(b)."); *Zambrano v. New Mexico Corrections Department, et. al.,* 2017 WL 2628920, at *6 (D.N.M. 2017) ("Under the last-served defendant rule, the rule of unanimity, and 28 U.S.C. § 1446(b), defendants were required to obtain unanimous consent to removal from each served defendant no later than the date on which the last-served defendants had to file a notice of removal, in order for removal to be effective."); *Alston v. Wells Fargo Bank*, 2017 WL 2839629, at *3 (D. Md 2017) ("[U]nder 28 U.S.C. § 1446(b)(2), a removing defendant must secure the consent of other served defendants by the time of the filing of the notice of removal, or within 30 days of when the consenting defendant was first served, whichever is later."); *Palmeira v. CIT Bank,* Civil No. 17-00275 ACK-RLP, Doc. No. 26 at 8 – 9 (D. Haw. Aug. 10, 2017) (finding that defects in the notice of removal "were required to be cured within the thirty-day statutory window for removal, which began when [the last-served defendant] was served with the First Amended Complaint").

21. Defendant City of Philadelphia was the last defendant served, and Plaintiff made service on January 30, 2024. For removal to be complete and free of defect, consent from Defendant Mosley needed to be filed on or before February 29, 2024 – the 30th day following service on Removing Defendant City of Philadelphia.

22. The failure to obtain Defendant Mosley's consent makes Defendants' removal of this action defective on its face. *A.R. v. Norris*, 2015 WL 6951872, (M.D. Pa. Nov. 10, 2015); *Tomasino v. Guzman-Nieves*, 2016 WL 5816818 (W.D. Pa. Oct. 5, 2016).

23. "Where a defendant who has been properly served fails to join in, or consent to, removal within the prescribed thirty-day time period under Section 1446(b), not only is the notice of removal defective on its face, but so too is a subsequent notice of consent also filed outside the prescribed thirty-day time period." *Cacoilo v. Sherwin-Williams Co.*, *supra,* 902 F. Supp. 2d, at 518; *Tomasino v. Guzman-Nieves*, *supra*, 2016 WL 5816818.

24. "The subsequent filing of an untimely notice of consent is of absolutely no moment, does nothing to cure the defect in the removal procedure, and is properly rejected by the Court." *Id.*

25. Defendant Mosley was served 19 days prior to Removing Defendants' filing of their notice of removal, and she did not consent to removal. More than 30 days have passed since Defendant Mosley was served with the complaint and 30 days have now passed since service on the last served defendant City of Philadelphia.

26. An affidavit of service for Mosley, which shows that she was served prior to the Removing Defendants, was filed on the docket well before the Removing Defendants' 30-day deadline for curing the defective notice of removal expired.

27. The deadline for curing the defect in the notice of removal has now expired.

28. Accordingly, this matter must be remanded to the Philadelphia Court of Common Pleas

as removal is procedurally defective in that the Removing Defendants failed to comply with the rule of unanimity.

**WHEREFORE,** Plaintiff Kevin Bowman respectfully moves that the Court grant the motion and remand this matter to the Philadelphia Court of Common Pleas.

                                                       Respectfully submitted,

Dated: March 1, 2024                     */s Zak T. Goldstein*
                                                  _____
                                                  Zak T. Goldstein, Esquire
                                                  Goldstein Mehta LLC
                                                  1717 Arch Street, Suite 320
                                                  Philadelphia, PA 19103
                                                  267-225-2545 (p) 215-405-2559 (f)
                                                  ztg@goldsteinmehta.com

                                                  */s Alan J. Tauber*

                                                  _____
                                                  Alan J. Tauber, Esquire
                                                  Law Office of Alan J. Tauber, P.C.
                                                  718 Arch Street, Suite 702
                                                  Philadelphia, PA 19106
                                                  215-575-0770 (p)
                                                  atauber@atauberlaw.com

                                                  Attorneys for Plaintiff Kevin Bowman