IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN BOWMAN,<br><br>   Plaintiff,<br>v.<br><br>DETECTIVE MARLENA MOSLEY, et al.,<br><br>   Defendants. | CIVIL ACTION<br><br>NO. 24-0637 |

# ORDER

**AND NOW**, this 25th day of April, 2024, upon consideration of Plaintiff Kevin Bowman's Motion to Remand to the Philadelphia County Court of Common Pleas (ECF No. 5) and the responses thereto, it is hereby **ORDERED** that the Motion is **GRANTED**.[1]

---

[1] The instant action involves four defendants—Detective Marlena Mosley, Detective Dennis Dusack, Lieutenant Michael Gross, and the City of Philadelphia. Plaintiff served the last defendant on January 30, 2024. On February 12, 2024, Defendants filed a notice of removal that did not include Defendant Mosley's consent. Then, on March 13, 2024, Defendants filed an amended notice of removal that included Defendant Mosley's consent, without seeking leave to do so.

The consent of all defendants who have been properly served is required to remove an action. 28 U.S.C § 1446(b)(2)(A). Failure to gain the consent of each defendant is grounds for remand. *See Cintron v. Wal-Mart Stores E., LP*, No. 1:19-CV-21406, 2020 WL 3264052, at *2 (D.N.J. June 17, 2020). A defendant may cure this defect by freely amending their notice of removal within thirty days of service on the last defendant, but should a defendant seek to amend a notice of removal after the thirty-day window, it must seek leave to do so. *Hart v. Duke Realty Ltd. P'ship*, No. 5:20-CV-01462, 2020 WL 4463049, at *1 (E.D. Pa. Aug. 4, 2020); *Chagares v. Monmouth Med. Ctr.*, No. 21-20677, 2022 WL 3588103 at *3 (D.N.J. Aug. 22, 2022). Leave to amend notices of removal will be granted only in "extraordinary circumstances." *See Speedwell, LLC v. Town of Morristown*, No. 21-18796, 2022 WL 2209866, at *4 (D.N.J. June 21, 2022) (finding that "invest[ment of] substantial time in adjudicating and presiding over th[e] matter" was an extraordinary circumstance and granting leave to amend the notice of removal). Defendants filed their amended notice of removal outside of the thirty-day timeframe and have proffered no extraordinary circumstance that would warrant granting leave to amend. As a result, Defendants' failure to timely gain Defendant Mosley's consent is grounds for remand.

BY THE COURT:

_____
Hon. Mia R. Perez

---

Defendants' contention that they were not aware that Defendant Mosley was served at the time of removal is also unavailing. "[A] defendant is required to obtain consent only from those codefendants who it knew or should have known, in the exercise of reasonable diligence, had been served." *Laurie v. Nat'l R.R. Passenger Corp.*, No. 01-6145, 2001 WL 34377958, at *1 (E.D. Pa. Mar. 13, 2001). The record demonstrates that Defendants were notified that Defendant Mosley was served before the consent to removal deadline. *See* ECF No. 10, Ex. A. Defendants were therefore required to obtain Defendant Mosley's consent but failed to do so in a timely manner.